# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS MONSOUR and ZEYNA FARIS, § § § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| COMPANIES INCORPORATED and KEVIN WESSELL, § § § | SA-08-CV-0917 XR | |
| Defendants. § | | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER (#17)

The matter before the Court is defendants' motion for protective order and plaintiffs' response thereto (docket entries 17 and 18). By their motion defendants ask the court to quash deposition notices for both the individual and corporate defendants. Those notices required the defendants to appear for deposition in San Antonio. Defendant Wessell resides in California and Companies Incorporated has its principal place of business in California. In response to the motion plaintiffs argue that they were defrauded of $20,000 by defendants and that it would not be in the interests of justice for plaintiffs to bear additional expenses to travel to California to depose defendants and prosecute their claims.

Defendants' motion is made pursuant to Federal Rule of Civil Procedure 26(c) which allows the Court on motion to make any order which justice requires to protect a party from "annoyance, embarrassment, oppression, or undue expense including" that discovery be had only at a designated place. The general rule is that while a party noticing a deposition ordinarily selects the location for

1

the deposition to take place, it is presumed that this will occur at the location of the residence of an individual or principal place of business of a corporate defendant unless the interests of justice require otherwise.[1]

Plaintiffs have argued that because they are the victims of wrongdoing they should not be required to accrue additional expenses and travel outside the jurisdiction to depose defendants. They suggest that defendants' financial assets exceed their own. However, they have not supported their argument of financial disparity with any documentation. They have not argued that unless the depositions occur in San Antonio that they will be unable to conduct necessary discovery. They failed to provide any factual support for their request that the Court depart from the general rule concerning locations for depositions.

Accordingly, the motion for protective order is GRANTED, the notices of depositions requiring defendants to travel to San Antonio are QUASHED, and if re-noticed the depositions are to occur at the location of defendant Wessell's residence and principal place of business of Companies Incorporated.

It is so ORDERED.

**SIGNED** on May 24, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[1] **Salter v. Upjohn Co**., 593 F.2d 649, 651 (5th Cir. 1979); **Dwelly v. Yamaha Motor Corp.**, 214 F.R.D. 537, 541 (D. Minn. 2003).